IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

PENSION BENEFIT GUARANTY CORPORATION, )
1200 K Street, N.W. )
Washington, D.C. 20005-4026 ) 06 215 T
)
Plaintiff, )
)
v. ) C.A. No.
)
WELLINGTON DEVELOPMENT CORPORATION, )
f/k/a C.I. HAYES, INC., )
as Plan Administrator of the C.I. Hayes, Inc. Pension Plan )
for Union Employees, )
800 Wellington Avenue )
Cranston, Rhode Island 02910 )
)
)
Defendant. )

**COMPLAINT**

1. This action arises under Title IV of the Employee Retirement Income Security Act of 1974 ("ERISA"), *as amended*, 29 U.S.C. §§ 1301-1461 (2000 and Supp. III 2003). Plaintiff, the Pension Benefit Guaranty Corporation ("PBGC"), brings this action, pursuant to 29 U.S.C. §§ 1342 and 1348(a), seeking a decree (a) adjudicating that the C.I. Hayes, Inc. Pension Plan for Union Employees ("Union Plan") must be terminated; (b) appointing PBGC as statutory trustee of the Union Plan; (c) establishing February 28, 2006, as the termination date of the Union Plan; and (d) requiring that the defendant and all other persons or entities having possession, custody or control of any of the records, assets, property, and documents relating to the Union Plan transfer, convey and deliver all such records, assets, property and documents to PBGC.

**Jurisdiction and Venue**

2. This Court has exclusive jurisdiction over this action, without regard to the amount in controversy, under 29 U.S.C. §§ 1303(e)(3), 1342(c), (f).

3. Venue properly lies in this Court under 29 U.S.C. §§ 1303(e)(2) and 1342(g).

**Parties**

4. Plaintiff PBGC is a wholly-owned United States government corporation established under 29 U.S.C. §1302(a) to administer and enforce the defined benefit pension plan termination insurance program created under Title IV of ERISA. When an underfunded pension plan terminates, PBGC pays statutorily guaranteed pension benefits to plan participants. 29 U.S.C. §§ 1302(a)(2), 1321, 1322.

5. Defendant Wellington Development Corporation, f/k/a C.I. Hayes, Inc. ("Hayes") is incorporated under the laws of Rhode Island and its principal place of business is located at 800 Wellington Avenue, Cranston, Rhode Island.

6. Hayes is a domestic producer of industrial thermal processing equipment, and does business in Cranston, Rhode Island.

7. Upon information and belief, Hayes is the plan administrator of the Union Plan within the meaning of 29 U.S.C. §§ 1002(16)(A) and 1301(a)(1), and the contributing sponsor of the Union Plan within the meaning of 29 U.S.C. § 1301(a)(13).

**The Pension Plan**

8. The Union Plan is a single employer defined benefit pension plans and is covered under Title IV of ERISA. 29 U.S.C. §§ 1002(35), 1301(a)(15), 1321(a).

9. Upon information and belief, the Union Plan has approximately 11 participants who are entitled to benefits guaranteed by PBGC under the Union Plan.

10. Upon information and belief, the Union Plan provides pension benefits to employees of Hayes who are members of Local 119, International Federation of Professional Technical Engineers, AFL-CIO, CLC.

11. Upon information and belief, benefit accruals for participants in the Union Plan ceased on August 1, 1993.

12. On October 28, 2005, Hayes's representatives advised PBGC that the Union Plan would not have sufficient assets to pay benefits to its participants after November 2005.

**Cause of Action**

13. Whenever PBGC determines that a pension plan does not have assets available to pay benefits which are currently due under the terms of the plan, PBGC is required, as soon as practicable, to institute proceedings to terminate the pension plan. 29 U.S.C. § 1342(a), (c).

14. Pursuant to 29 U.S.C. § 1342(a), PBGC has determined that the Union Plan does not have assets available to pay benefits that are currently due under the terms of the Union Plan.

15. On February 10, 2006, in accordance with 29 U.S.C. § 1342(c), PBGC issued a Notice of Determination (the "NOD") to Hayes, as plan administrator of the Union Plan, which included the following determinations: (a) that the Union Plan does not have assets available to pay benefits which are currently due under the Union Plan; (b) that the Union Plan must be terminated to protect the interests of participants; (c) that PBGC intends to proceed pursuant to 29 U.S.C. § 1342 to have the Union Plan terminated and to have PBGC appointed statutory trustee of the Union Plan and, pursuant to 29 U.S.C. § 1348, to have February 28, 2006,

established as the termination date of the Union Plan. A true, complete, and correct copy of the NOD is attached hereto as Exhibit 1 and incorporated by reference herein.

16. By letter dated February 10, 2006, PBGC notified Hayes, as plan administrator of the Union Plan, of PBGC's determination and sent a copy of the NOD and a proposed Agreement for Appointment of Trustee and Termination of Plan ("Trusteeship Agreement") to Hayes. A copy of the cover letter to Hayes, with the attached Trusteeship Agreement, is attached hereto as Exhibit 2 and incorporated by reference herein.

17. Hayes has refused to sign and return the Trusteeship Agreement to PBGC.

18. On or about February 17, 2006, PBGC sent letters to each participant in the Union Plan at his or her last known address, by certified mail, notifying the participants of PBGC's determination that the Union Plan must be terminated because it no longer had assets available to pay benefits that are currently due and that the Union Plan's termination date would be February 28, 2006.

19. Based on PBGC's determination that a pension plan should be terminated, and after application and notice by PBGC under 29 U.S.C. § 1342(c), a United States District Court may issue a decree adjudicating that the termination of the Union Plan is necessary to protect the interests of the plan's participants.

20. PBGC has determined under 29 U.S.C. § 1342(c) that termination of the Union Plan is necessary to protect the interests of Union Plan participants.

21. Under 29 U.S.C. § 1348(a)(4), the District Court establishes the termination date of a pension plan covered by Title IV, if PBGC and the plan administrator do not agree on a date of plan termination.

22. PBGC and the administrator of the Union Plan have not agreed on a date of termination for the Union Plan.

23. Pursuant to 29 U.S.C. § 1348(a)(4), February 28, 2006, should be established as the date of termination for the Union Plan. On February 17, 2006, PBGC caused letters to be sent to the participants in the Union Plan, notifying them that the Union Plan must be terminated because it no longer had assets available to pay benefits that are currently due and that the Union Plan's termination date would be February 28, 2006. Thus, the reasonable expectations of the Pension Plan's participants in continuing to accrue benefits under the Union Plan were extinguished as of February 28, 2006.

24. Upon granting a decree adjudicating that a pension plan must be terminated under 29 U.S.C. § 1342(c), a United States district court is required to appoint a trustee of the pension plan to be terminated.

25. PBGC typically applies for and is appointed as trustee of pension plans that must be terminated pursuant to 29 U.S.C. § 1342(c). PBGC is ready, willing and able to serve as trustee of the Union Plan. If appointed as trustee of the terminated Union Plan, PBGC will carry out the duties of a statutory trustee in accordance with the provisions of Title IV of ERISA, including the duties of investing plan assets and paying the benefits of the Union Plan's participants and beneficiaries. 29 U.S.C. § 1342(d).

26. Under 29 U.S.C. § 1342(d), the trustee appointed by the court is authorized, among other things, to invest the assets of the Union Plan. In order to carry out its statutory duties with respect to the Union Plan, the trustee appointed by the Court must receive all documents and records relating to the Union Plan and the assets of the Union Plan.

WHEREFORE, PBGC respectfully requests that the Court issue a decree granting the following relief:

1. Adjudicating that the Union Plan must be terminated pursuant to 29 U.S.C. § 1342(c);

2. Appointing PBGC trustee of the Union Plan pursuant to 29 U.S.C. § 1342(c) and authorizing PBGC to terminate the Union Plan;

3. Establishing February 28, 2006, as the termination date of the Union Plan pursuant to 29 U.S.C. § 1348(a)(4);

4. Ordering Hayes, its agents, and all other persons or entities having possession, custody, or control of any records, assets, or other property of the Union Plan and any documents required to determine the benefits payable to participants of the Union Plan, to transfer, convey, and deliver all such records, assets, property, and documents to PBGC pursuant to 29 U.S.C. § 1342(d)(1); and

5. Granting any and all other relief that this Court deems just and proper.

Respectfully submitted,

Dated: May 8, 2006
Washington, D.C.

Ralph L. Landy
JEFFREY B. COHEN (DC Bar No. 347880)
Chief Counsel
ISRAEL GOLDOWITZ (DC Bar No. 291120)
Deputy Chief Counsel
KAREN L. MORRIS (DC Bar No. 419786)
Associate Chief Counsel
JAMES L. EGGEMAN (VA Bar No. 37101)
Assistant General Counsel
RALPH L. LANDY (PA Bar No. 41384)
Attorney (Lead Counsel and Counsel Designated to Receive Notices)
Attorneys for Plaintiff
PENSION BENEFIT GUARANTY CORPORATION
Office of the Chief Counsel
1200 K Street, N.W.
Washington, D.C. 20005-4026
Phone: (202) 326-4020 ext. 3090
FAX: (202) 326-4112
E-mail: landy.ralph@pbgc.gov